McGREGOR W. SCOTT
United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>RIGOBERTO NUNEZ;<br>OSCAR ANDRADE; AND<br>OSCAR RODRIGUEZ,<br><br>                              Defendants. | CASE NO.  2:17-CR-00149-TLN<br><br>STIPULATION TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: July 16, 2020<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

This case was set for a status conference on July 16, 2020.  By this stipulation, the parties request that the Court continue the status conference to October 15, 2020, and to exclude time under the Court's General Orders, as well under Local Codes T4 and M, for the reasons set forth below.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION TO CONTINUE STATUS AND EXCLUDE TIME; FINDINGS AND ORDER

**STIPULATION**

1.      By this stipulation, the United States and defendant Rigoberto Nunez, through his counsel, Preciliano Martinez, and counsel for Oscar Rodriguez, David Fischer, move to continue the status conference until October 15, 2020, at 9:30 a.m., and to exclude time between July 16, 2020 and October 15, 2020, under Local Code T4, for Mr. Nunez, and under Local Code M, for Mr. Rodriguez.

2.      Defendant Oscar Andrade has entered a change of plea in his matter, and therefore does not join in this stipulation.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      Counsel for defendants desire additional time to continue to conduct investigation, and to otherwise prepare for trial. The government has represented that it has produced discovery in the form of investigative reports, photographs, and audio files, which the defendants need time to review, discuss with their counsel, and pursue investigation.  The government has also represented that it has made available to defense counsel additional electronic surveillance discovery, which the defendants will also need time to review.

b)      Counsel for defendants believe that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c)      The government does not oppose this request.

d)      At present, the whereabouts of Mr. Rodriguez are unknown, and he is therefore unavailable.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

f)      With regard to Mr. Nunez, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of July 16, 2020 to October 15, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking

1    such action outweigh the best interest of the public and the defendant in a speedy trial.

2           g)    With regard to Mr. Rodriguez, for the purpose of computing time under the

3    Speedy Trial Act, 18 U.S.C. §3161, et seq., within which trial must commence, the time period

4    of July 16, 2020 to October 15, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.

5    §3161 (h)(3)(A) & (B) [Local Code M]: unavailability of a defendant.

6    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

7    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

8    must commence.

9    IT IS SO STIPULATED.

10    Dated:  July 14, 2020              McGREGOR W. SCOTT
                                     United States Attorney

11

12                                   /s/ JAMES R. CONOLLY
                                   JAMES R. CONOLLY
                                   Assistant United States Attorney

13

14    Dated:  July 14, 2020              */s/ Preciliano Martinez*

15                                     PRECILIANO MARTINEZ
                                   Counsel for Defendant
                                   Rigoberto Nunez

16

17    Dated:  July 14, 2020              */s/ David Fischer*

18                                     DAVID FISCHER
                                     Counsel for Defendant
                                     Oscar Rodriguez

19

20

21

22

23

24

25

26

27

28

**FINDINGS AND ORDER**

IT IS HEREBY ORDERED, the Court, having received, read, and considered the parties' stipulation, and good cause appearing therefore, adopts the parties' stipulation in its entirety as its order. The Court specifically finds the failure to grant a continuance in this case would deny counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The Court finds the ends of justice are served by granting the requested continuance and outweigh the best interests of the public and defendant in a speedy trial.  The Court also finds that the whereabouts of Oscar Rodriguez remain unknown, and he is therefore unavailable.

The Court orders the time from the date the parties stipulated, up to and including October 15, 2020, shall be excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv) (Local Code T4), with respect to Rigoberto Nunez, and pursuant to 18 U.S.C. §3161 (h)(3)(A) & (B) [Local Code M], with respect to Oscar Rodriguez, as well as under the Court's General Orders related to the COVID-19 pandemic, with respect to all parties.  It is further ordered that the July 16, 2020 status conference shall be continued until October 15, 2020, at 9:30 a.m.

IT IS SO FOUND AND ORDERED this 15th day of July, 2020.


Troy L. Nunley
United States District Judge